MOLLIE M. BURKS  (SBN 222112)
ANNA T. PHAM  (SBN 318001)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
mburks@grsm.com
apham@grsm.com

Attorneys for Defendant
PLASTIKON INDUSTRIES, INC.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE BANDRIL, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>PLASTIKON INDUSTRIES, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) and 1453 (CLASS ACTION FAIRNESS ACT)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NOTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant, PLASTIKON INDUSTRIES, INC. ("Defendant"), by and through its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.  This removal is based on 28 U.S.C. sections 1332(d) and 1453, specifically, on the following grounds:

### I.    STATEMENT OF JURISDICTION

1.    This action is a civil action over which the Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1453 (removal of class actions), because it is a civil action consisting of over one hundred (100) putative class members,

involving an amount in controversy exceeding $5,000,000, and there is minimal diversity where the putative class members have different citizenship than the Defendant.  (See 28 U.S.C. § 1332(d) [providing that district courts have original jurisdiction over a class action where (1) the class consists of 100 members or more; (2) the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interests; and (3) any member of the class is a citizen of a state different from any defendant].)

2.      Without conceding any merit to the legitimacy of Plaintiff ARLENE BANDRIL's ("Plaintiff") claims, calculation of damages, or ability to certify the putative class, which Defendant denies, the required elements for CAFA jurisdiction are satisfied.

**II.     VENUE**

3.      This action was filed in the Superior Court of California for the County of Alameda.  Venue properly lies in the United States District Court for the Northern District of California, because it is the district court where the state court action is pending.  (See 28 U.S.C. §§ 84(a), 1391, 1441(a).)

**III.    STATUS OF THE PLEADINGS**

4.      This lawsuit arises out of the employment of Plaintiff with Defendant.  On or about October 7, 2019, Plaintiff filed a putative class action complaint in the Superior Court of the State of California, County of Alameda, entitled *Arlene Bandril, et al. v. Plastikon Industries, et al.,* as Case No. RG19038227 ("Complaint").  True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet are attached as **Exhibit A** pursuant to 28 U.S.C. section 1446(a).

5.      The Complaint states claims for relief as follows: (1) Failure to Pay Overtime; (2) Failure to Pay Meal Period Premiums; (3) Failure to Pay Rest Period Premiums; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Final Wages Upon Termination; (6) Non-Compliant Wage Statements; (7) Failure to Reimburse Business Expenses; and (8) Unlawful Business Practices.  The Complaint seeks recovery of unpaid wages and business expenses, as well as civil penalties and attorney's fees.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

6.      Plaintiff served the Complaint on October 10, 2019.  A true and correct copy of the Proof of Service is attached to this Notice as **Exhibit B** pursuant to 28 U.S.C. section 1446(a).

7.      On November 8, 2019, Defendant Filed an Answer to Plaintiff's Complaint pursuant to California Code Civil Procedure section 431.30 in the Superior Court of the State of California, County of Alameda.  A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit C** pursuant to 28 U.S.C. section 1446(a).

8.      To Defendant's knowledge, as of the date of this Notice of Removal, no other parties have been named or served with a copy of the Summons and Complaint.

9.      To Defendant's knowledge, no other pleadings, process or orders related to this case have been filed with the Superior Court of the State of California, County of Alameda.

## IV.     NOTICE TO STATE COURT AND TO PLAINTIFF'S COUNSEL

10.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Douglas Han, Shunt Tatavos-Gharajeh, and Phillip Song of Justice Law Corporation, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda, as required by 28 U.S.C. section 1446(d).

## V.     TIMELINESS OF REMOVAL

11.      A notice of removal in a civil action must be filed within thirty (30) days after service of the Summons and complaint.  (28 U.S.C. §1446(b); see *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) [holding that the 30-day removal period beings to run upon service of the Summons and Complaint].)  Here, Defendant was served within the last 30 days.  As such, this Notice of Removal is timely.

12.      A copy of this Notice of Removal also is being served on counsel of record for Plaintiff.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## VI.     REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

13.     This alleged class action falls within the original jurisdiction of this Court under CAFA.  Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5,000,000.  (See 28 U.S.C. §§ 1332(d)(2), (2)(A), (5)(B), and 1453(b).  This action meets each of those requirements.

### A.     There Is Minimal Diversity to Satisfy CAFA

14.     Removal under CAFA requires minimal diversity—i.e., one of the defendants must be diverse from any one of the class members, whether named or unnamed.  (28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

#### 1.     The Majority of Putative Class Members Are Not Citizens of California.

15.     To demonstrate citizenship for diversity purposes, a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States.  (*Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).)  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  (*Kanter*, 797 F.2d at 750.)

16.     Here, there are significant numbers of putative class members who are not citizens of California.  The Complaint purports to be brought on behalf of "All current and former hourly-paid or non-exempt employees (either directly or through a staffing agency or labor contractor) of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  (See Complaint ("Compl.") ¶ 12.)  Given this proposed class definition, numerous formerly employed putative class members, who were employed during the relevant period alleged in the Complaint, are now citizens of

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) and 1453

another state.  (Declaration of Angelica Gonzalez ("Gonzalez Decl."), ¶ 8.)   Moreover, more than two-thirds of Defendant's current and formerly employed hourly, non-exempt employees, who meet the putative class definition, were (and are) non-citizens, authorized to work and reside in the United States.  (Gonzalez Decl., ¶ 9.)

17.     These facts establish that there are a significant number of putative class members who are not citizens of the State of California.

### 2.     Defendant is a Citizen of California

18.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 U.S.C. §1332(c)(1).)

19.     Defendant is a corporation organized and incorporated under the laws of the state of California.  Its principal place of business is in California.  (See Gonzalez Decl., ¶ 2.)

20.     Accordingly, because there is diversity between at least one of the class members and the Defendant, there is sufficient diversity under CAFA.

### B.     The Amount in Controversy Exceeds Jurisdictional Limits

21.     Plaintiff's Complaint pleads that the Plaintiff's amount in controversy, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees is less than $75,000.  (Compl. ¶ 1.)  However, Plaintiff does not take into consideration the aggregate amount in controversy for the putative class, which does exceed the $5,000,000 jurisdictional limit pursuant to CAFA.  (*Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (E.D. Cal. Feb. 27, 2008) [holding that the amount in controversy in the aggregate, for diversity purposes, must exceed the sum or value of $5,000,000].)

22.     Although Defendant expressly denies any liability for the claims alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that Plaintiff will prevail on his claims.  (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) [amount in controversy analysis "presumes plaintiff prevails on

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) and 1453

liability"].)  In other words, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." (*Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).)

23.     The Complaint also pleads facts and theories, which on a class-wide basis, place more than $5,000,000 in controversy to satisfy CAFA jurisdictional limits.  While Defendant denies Plaintiff's allegations of wrongdoing and denies their requests for relief thereon, the facial allegations in Plaintiffs' Complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief potentially at issue in this action are in excess of this Court's jurisdictional minimum. (*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) [facts presented in notice of removal, combined with Plaintiff's allegations, sufficient to support finding that jurisdictional minimum satisfied].)

24.     Plaintiff asserts class claims for (1) Failure to Pay Overtime; (2) Failure to Pay Meal Period Premiums; (3) Failure to Pay Rest Period Premiums; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Final Wages Upon Termination; (6) Non-Compliant Wage Statements; (7) Failure to Reimburse Business Expenses; and (8) Unlawful Business Practices.  Plaintiff seeks an unspecified amount in wages for her claims, actual damages, statutory penalties, punitive damages, and attorneys' fees and costs.[1]

25.     Plaintiff asserts that the relevant class period is from October 7, 2015 to the present. (Compl. ¶ 12.)  Plaintiff alleges in the Complaint that the class is estimated to be greater than fifty (50) individuals.  (Compl. ¶ 14(a).)  However, the proposed class definition of allegedly similarly situated Plastikon Industries, Inc. employees totals approximately 900 current and former employees.  (Gonzalez Decl., ¶ 4.)  The employees' average hourly wage during the class period was $16.29 per hour.  (*Id.*, ¶ 5.)

26.     Among the causes of action asserted, Plaintiff alleges a claim for Failure to Pay Meal and Rest Premium Pay in violation of Labor Code section 226.7, which provides for one hour of premium pay for each workday in which an employee is denied a California-compliant

---

[1] It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the value of claims for damages as well as attorneys' fees.  (*See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

meal period and/or rest break. California courts have concluded that two additional hours of pay are recoverable for each day that both a meal period and a rest break violation occurs (one hour for each type of violation). (*United Parcel Serv., Inc. v. Superior Court*, 196 Cal.App.4th 57 (2011).) Defendant employed approximately 900 hourly, non-exempt employees in California during the class period. (Gonzalez Decl., ¶ 4.) Assuming for purposes of this Notice of Removal only, and without admitting any liability, if the estimated 900 putative class members were not provided with compliant meal periods and rest breaks for one work day per week during the four-year statutory period, the total exposure for purposes of the claim would be **$6,098,976** (900 employees x $32.58 x 208 days). Assuming for purposes of this Notice of Removal only, and without admitting any liability, if only 50 putative class members were not provided with compliant meal periods and rest breaks for each workday they worked during the class period, the total potential damages for purposes of the claim would be **$1,694,160** (50 employees x $32.58 x 1040 days).

27. Additionally, Plaintiff claims Defendant failed to pay overtime wages pursuant to California Labor Code sections 510 and 1198. Assuming for purposes of this Notice of Removal only, and without admitting any liability, if the estimated 900 putative class members were not compensated for two hours of overtime worked per workweek worked during the class period, the total potential damages for purposes of this claim would be **$9,142,848** (900 employees x $48.84 x 208 days). Assuming only 50 of the putative class members were not compensated one hour of overtime for each workday they worked during the class period, the total potential damages for purposes of this claim would be **$1,269,840** (50 employees x $24.42 x 1040 days).

28. Plaintiff alleges a claim against Defendant for statutory penalties for failure to pay final wages upon termination. Under Labor Code section 203, daily wages continue as a penalty for up to 30 days. Approximately 450 members of the putative class are no longer employed by Defendant. (Gonzalez Decl., ¶ 7.) Although Defendant disputes that waiting time penalties are owed, the potential damages for purposes of calculating the amount in controversy for waiting time penalties is **$1,759,320** ($16.29 per hour x 8 hours per day x 30 days x 450 people). Assuming only 50 of the class members are entitled to waiting time penalties, the potential

damages for purposes of calculating the amount in controversy for waiting time penalties is **$195,480** ($16.29 per hour x 8 hours per day x 30 days x 50 people).

29. The above estimates do not even take into account the amount in controversy for Plaintiff's additional claims for non-compliant wage statements, failure to reimburse business expenses, or failure to pay minimum wage.

30. Based on the foregoing, Plaintiff's claims for damages, penalties, attorney's fees and other monetary relief exceed the $5,000,000 jurisdictional minimum for CAFA jurisdiction. (28 U.S.C. §1332(d)(2).)

31. Further, while Defendant denies that Plaintiff has any right to recovery of fees, based on the allegations alone, attorney's fees would be added to the aforementioned jurisdictional analysis. (*See Bayol v. Zipcar, Inc.*, 2015 U.S. Dist. LEXIS 109027, *25 (N.D. Cal. 2015) [calculating 25% of the total recover to determine the potential attorney's fees for purposes of calculating the amount in controversy under CAFA].)  Here, attorney's fees in the amount of 25% of the potential amount in controversy could amount to more than $3,000,000 based on the estimates above.

**C.     The Number of Class Members Exceeds 100.**

32. CAFA requires that there be at least 100 members in the putative class or classes. 28 U.S.C. §1332(d)(1)(D)(5)(B) (prohibiting jurisdiction under CAFA where "the number of members of all proposed plaintiff classes in the aggregate is less than 100").

33. There are more than 100 class members in this case. (Gonzalez Decl., ¶4.)  Based on the foregoing, removal for this matter is therefore appropriate.


Dated:  November 12, 2019                    GORDON REES SCULLY MANSUKHANI, LLP


                                             By:     */s/ Anna T. Pham*
                                                     Mollie M. Burks
                                                     Anna T. Pham
                                                     Attorneys for Defendant
                                                     PLASTIKON INDUSTRIES,
                                                     INC.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PLASTIKON INDUSTRIES, a California corporation; and DOES 1
through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARLENE BANDRIL, individually, and on behalf of other members of
the general public similarly situated;

FOR COURT USE ONLY
*(PARA USO DE LA CORTE)*
ENDORSED
FILED
ALAMEDA COUNTY

OCT 07 2019

CLERK OF THE SUPERIOR COURT
By
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br><br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG19038227** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Han, JUSTICE LAW CORPORATION; 751 N. Fair Oaks Avenue, Suite 101, Pasadena, CA 91103; (818) 230-7502

| DATE:<br>*(Fecha)* | OCT 0 7 2019 | Chad Finke | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Plastikon Industries, a California corporation**

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  DOUGLAS HAN (SBN 232858)
   SHUNT TATAVOS-GHARAJEH (SBN 272164)
2  PHILLIP SONG (SBN 326572)
   **JUSTICE LAW CORPORATION**
3  751 N. Fair Oaks Avenue, Suite 101
   Pasadena, California 91103
4  Telephone (818) 230-7502
   Facsimile  (818) 230-7259
5

6  *Attorneys for* Plaintiff

7

8

*ENDORSED*
*FILED*
*ALAMEDA COUNTY*

OCT 07 2019

CLERK OF THE SUPERIOR COURT
By_____
                 Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ARLENE BANDRIL, individually, and on behalf of other members of the general public similarly situated; | Case No.: **RG19038227** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | (1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| PLASTIKON INDUSTRIES, a California corporation; and DOES 1 through 100, inclusive; | (2)  Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); |
| Defendants. | (3)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |

(4)  Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages);

(5)  Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);

(6)  Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);

(7)  Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);

(8)  Violation of California Business & Professions Code § 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1       COMES NOW, Plaintiff ARLENE BANDRIL ("Plaintiff"), individually, and on behalf

2   of other members of the general public similarly situated, and alleges as follows:

3   **JURISDICTION AND VENUE**

4       1.    This class action is brought pursuant to the California Code of Civil Procedure

5   section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6   jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7   "amount in controversy" for the named Plaintiff, including claims for compensatory damages,

8   restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

9   seventy-five thousand dollars ($75,000).

10       2.    This Court has jurisdiction over this action pursuant to the California

11   Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12   other causes" except those given by statute to other courts.  The statutes under which this

13   action is brought do not specify any other basis for jurisdiction.

14       3.    This Court has jurisdiction over Defendants because, upon information and

15   belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16   or otherwise intentionally avail themselves of the California market so as to render the exercise

17   of jurisdiction over them by the California courts consistent with traditional notions of fair play

18   and substantial justice.

19       4.    Venue is proper in this Court because, upon information and belief, Defendants

20   maintain offices, have agents, and/or transact business in the State of California, including the

21   County of Alameda. The majority of the acts and omissions alleged herein relating to Plaintiff

22   took place in the State of California. Defendants employed Plaintiff within the State of

23   California.

24   / / /

25   / / /

26   / / /

27

28

**PARTIES**

5.     Plaintiff ARLENE BANDRIL is an individual residing in the State of California, County of Alameda.

6.     Defendant PLASTIKON INDUSTRIES, at all times herein mentioned, was and is, upon information and belief, a California corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7.     At all times herein relevant, Defendants PLASTIKON INDUSTRIES and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

8.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9.     Defendants PLASTIKON INDUSTRIES and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

/ / /

/ / /

/ / /

3

1       10.    Plaintiff further alleges that Defendants directly or indirectly controlled or

2  affected the working conditions, wages, working hours, and conditions of employment of

3  Plaintiff and the other class members so as to make each of said Defendants employers and

4  employers liable under the statutory provisions set forth herein.

5                                 **CLASS ACTION ALLEGATIONS**

6       11.    Plaintiff brings this action on her own behalf and on behalf of all other members

7  of the general public similarly situated, and, thus, seeks class certification under Code of Civil

8  Procedure section 382.

9       12.    The proposed class is defined as follows:

10               All current and former hourly-paid or non-exempt employees (either directly or

11               through a staffing agency or labor contractor) of Defendants within the State of

12               California at any time during the period from four years preceding the filing of

13               this Complaint to final judgment.

14       13.    Plaintiff reserves the right to establish subclasses as appropriate.

15       14.    The class is ascertainable and there is a well-defined community of interest in

16  the litigation:

17             a.    Numerosity: The class members are so numerous that joinder of all class

18                     members is impracticable.   The membership of the entire class is

19                     unknown to Plaintiff at this time; however, the class is estimated to be

20                     greater than fifty (50) individuals and the identity of such membership is

21                     readily ascertainable by inspection of Defendants' employment records.

22             b.    Typicality: Plaintiff's claims are typical of all other class members'

23                     claims as demonstrated herein.   Plaintiff will fairly and adequately

24                     protect the interests of the other class members with whom she has a

25                     well-defined community of interest.

26  / / /

27  / / /

28  / / /

4

c.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

15.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.   The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

5

c.   Whether Defendants required Plaintiff and other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.   Whether Defendants properly calculated the regular rate for Plaintiff and the other class members to worked overtime and earned incentive pay;

e.   Whether Defendants deprived Plaintiff and other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

f.   Whether Defendants failed to pay minimum wages to Plaintiff and other class members for all hours worked;

g.   Whether Defendants failed to pay all wages due to Plaintiff and other class members within the required time upon their discharge or resignation;

h.   Whether Defendants failed to timely pay all wages due to Plaintiff and other class members during their employment;

i.   Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

j.   Whether Defendants' conduct was willful or reckless;

k.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

l.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.   Whether Plaintiff and other class members are entitled to compensatory damages pursuant to the California Labor Code.

///
///
///

6

## **GENERAL ALLEGATIONS**

16.     During the relevant time period set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Alameda.

17.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately 2002 to 2016 in the State of California.

18.     Defendants, jointly and severally, hired Plaintiff and other class members and classified them as hourly-paid, non-exempt employees, and failed to compensate them for all hours worked, missed meal periods, and/or missed rest breaks.

19.     Defendants had the authority to hire and terminate Plaintiff and other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

20.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff and other class members' employment for them to be joint employers of Plaintiff and other class members.

21.     Defendants directly hired and paid wages and benefits to Plaintiff and other class members.

22.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

23.     Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods, and missed rest breaks in violation of California law.

/ / /

/ / /

7

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiff's and other class members' regular rate of pay when a meal period was missed, late or interrupted, and they did not receive all timely and proper meal periods or payment of one additional hour of pay at Plaintiff's and other class members' regular rate of pay when a meal period was missed.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiff and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

/ / /

/ / /

/ / /

8

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law but, in fact, they did not receive complete and accurate wage statements from Defendants.   The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and other class members.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

34. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and other class members for all hours worked.  Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

35. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and other class members.

9

36.   As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members at least minimum wages for all hours worked.

37.   As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members the wages owed to them upon discharge or resignation.

38.   As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and other class members.

39.   As a pattern and practice, during the relevant time period set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and other class members.

40.   As a pattern and practice, during the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and other class members pursuant to California law in order to increase Defendants' profits.

41.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

/ / /

/ / /

/ / /

10

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against PLASTIKON INDUSTRIES and DOES 1 through 100)

42. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41, and each and every part thereof with the same force and effect as though fully set forth herein.

43. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

46. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47. During the relevant time period set forth herein, Plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

11

48.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and other class members.

49.     Defendants' pattern and practice of failing to pay Plaintiff and other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

50.     Pursuant to California Labor Code section 1194, Plaintiff and other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

51.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52.     During the relevant time period set forth herein, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and other class members' employment by Defendants.

53.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

57.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

58.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

59.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members the full meal period premium due pursuant to California Labor Code section 226.7.

60.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

/ / /

/ / /

/ / /

13

61.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, and each and every part thereof with the same force and effect as though fully set forth herein.

63.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

64.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

65.     During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

66.     As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

/ / /

/ / /

/ / /

14

1    67.    As a pattern and practice, during the relevant time period set forth herein,

2    Defendants willfully required Plaintiff and the other class members to work during rest periods

3    and failed to pay Plaintiff and the other class members the full rest period premium for work

4    performed during rest periods.

5    68.    As a pattern and practice, during the relevant time period set forth herein,

6    Defendants failed to pay Plaintiff and the other class members the full rest period premium due

7    pursuant to California Labor Code section 226.7

8    '69.    Defendants' conduct violates applicable IWC Wage Orders and California

9    Labor Code section 226.7.

10    70.    Pursuant to the applicable IWC Wage Orders and California Labor Code section

11    226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

12    additional hour of pay at the employees' regular hourly rate of compensation for each work

13    day that the rest period was not provided.

14    **FOURTH CAUSE OF ACTION**

15    **(Violation of California Labor Code §§ 1194 and 1197)**

16    **(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

17    71.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

18    through 70 and each and every part thereof with the same force and effect as though fully set

19    forth herein.

20    72.    During the relevant time period set forth herein, California Labor Code sections

21    1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a

22    lesser wage than the minimum so fixed, is unlawful.

23    73.    As a pattern and practice, during the relevant time period set forth herein,

24    Defendants failed to pay minimum wages to Plaintiff and other class members as required,

25    pursuant to California Labor Code sections 1194 and 1197.

26    ///

27    ///

28    ///

15

74.     Defendants' failure to pay Plaintiff and other class members the minimum wage as required violates California Labor Code sections 1194 and 1197.  Pursuant to those sections, Plaintiff and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

75.     Pursuant to California Labor Code section 1194.2, Plaintiff and other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

78.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

/ / /

/ / /

/ / /

16

79. Defendants' pattern and practice of failing to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

80. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

81. Plaintiff and other class members (but not all) are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**<u>SIXTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code § 226(a))**

**(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

82. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

///

///

///

83.     During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

84.     As a pattern and practice, Defendants have intentionally and willfully failed to provide Plaintiff and other class members (but not all) with complete and accurate wage statements.  The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members.

85.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and other class members (but not all) have suffered injury and damage to their statutorily protected rights.

86.     More specifically, Plaintiff and other class members (but not all) have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

/ / /

/ / /

18

87.     Plaintiff and other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

88.     Plaintiff and other class members (but not all) are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

### SEVENTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

89.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 88, and each and every part thereof with the same force and effect as though fully set forth herein.

90.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

91.     Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members (but not all) for all necessary business-related expenses and costs.  Plaintiff and other class members (but not all) are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

/ / /

/ / /

19

**EIGHTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against PLASTIKON INDUSTRIES and DOES 1 through 100)**

92.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

93.     Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

94.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

95.     A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiff and other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' pattern and practice of requiring Plaintiff and other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to Plaintiff and other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

96.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

97.     Plaintiff and other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

20

1      98.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

2  Plaintiff and other class members are entitled to restitution of the wages withheld and retained

3  by Defendants during a period that commences four years prior to the filing of this Complaint;

4  an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and

5  other applicable laws; and an award of costs.

6                  **DEMAND FOR JURY TRIAL**

7      Plaintiff, individually, and on behalf of other members of the general public similarly

8  situated, requests a trial by jury.

9                    **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, individually and on behalf of all other members of the general

11  public similarly situated, prays for relief and judgment against Defendants, jointly and

12  severally, as follows:

13                   **Class Certification**

14      1.    That this action be certified as a class action;

15      2.    That Plaintiff be appointed as representative of the Class;

16      3.    That counsel for Plaintiff be appointed as Class Counsel; and

17      4.    That Defendants provide to Class Counsel immediately the names and

18              most current contact information (address, e-mail and telephone numbers) of all

19              class members.

20  ///

21  ///

22  ///

23

24

25

26

27

28

1

**As to the First Cause of Action**

2   5.  That the Court declare, adjudge and decree that Defendants violated California

3 Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

4 all overtime wages due to Plaintiff and the other class members;

5   6.  For general unpaid wages at overtime wage rates and such general and special

6 damages as may be appropriate;

7   7.  For pre-judgment interest on any unpaid overtime compensation commencing

8      from the date such amounts were due;

9   8.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to

10 California Labor Code section 1194; and

11   9.  For such other and further relief as the court may deem just and proper.

12

**As to the Second Cause of Action**

13   10.  That the Court declare, adjudge and decree that Defendants violated California

14 Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

15 provide all meal periods (including second meal periods) to Plaintiff and the other class

16 members;

17   11.  That the Court make an award to Plaintiff and the other class members of one

18 (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

19 period was not provided;

20   12.  For all actual, consequential, and incidental losses and damages, according to

21 proof;

22   13.  For premium wages pursuant to California Labor Code section 226.7(b);

23   14.  For pre-judgment interest on any unpaid wages from the date such amounts

24 were due;

25   15.  For reasonable attorneys' fees and costs of suit incurred herein; and

26   16.  For such other and further relief as the court may deem just and proper.

27 ///

28 ///

**As to the Third Cause of Action**

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(b);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the court may deem just and proper.

**As to the Fourth Cause of Action**

23.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27.    For liquidated damages pursuant to California Labor Code section 1194.2; and

28.    For such other and further relief as the court may deem just and proper.

/ / /

/ / /

/ / /

23

**As to the Fifth Cause of Action**

29.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

30.     For all actual, consequential, and incidental losses and damages, according to proof;

31.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.     For such other and further relief as the court may deem just and proper.

**As to the Sixth Cause of Action**

34.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.     For actual, consequential and incidental losses and damages, according to proof;

36.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

37.     For such other and further relief as the court may deem just and proper.

/ / /

/ / /

/ / /

24

**As to the Seventh Cause of Action**

38.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

39.    For actual, consequential and incidental losses and damages, according to proof;

40.    For the imposition of statutory penalties;

41.    For punitive damages and/or exemplary damages according to proof at trial;

42.    For reasonable attorneys' fees and costs of suit incurred herein; and

43.    For such other and further relief as the court may deem just and proper.

**As to the Eighth Cause of Action**

44.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and other class members' wages timely as required by California Labor Code section 201, 202.

45.    For restitution of unpaid wages to Plaintiff and other class members and all pre-judgment interest from the day such amounts were due and payable;

46.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

47.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

/ / /

/ / /

/ / /

1    48.    For injunctive relief to ensure compliance with this section, pursuant to

2  California Business and Professions Code sections 17200, *et seq.*; and

3    49.    For such other and further relief as the court may deem just and proper.

4

5  Dated: October 4, 2019                                    **JUSTICE LAW CORPORATION**

6

7                                                      By:

8                                                            Douglas Han
                                                             Shunt Tatavos-Gharajeh
9                                                            Phillip Song
                                                             *Attorneys for* Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Douglas Han (SBN 232858)
JUSTICE LAW CORPORATION
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
TELEPHONE NO: (818) 230-7502    FAX NO.: (818) 230-7259
ATTORNEY FOR *(Name):* Plaintiff Arlene Bandril

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

OCT 07 2019

CLERK OF THE SUPERIOR COURT
By Jayuana                    Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

**CASE NAME:**
Bandril v. Plastikon Industries

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG19038227 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2019
Douglas Han
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title:  Bandril v. Plastikon Industries | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| [x] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes   [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [x] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial      **Is the deft. In possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential      **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs      **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes   [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

A-13

# EXHIBIT B

22613050

**FAX FILE**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Douglas Han  SBN 232858**<br>**JUSTICE LAW CORPORATION**<br>**751 N. Fair Oaks Avenue Suite 101**<br>**Pasadena, CA 91103**<br>TELEPHONE NO.: **(818) 230-7502**          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: **dhan@justicelawcorp.com**<br>ATTORNEY FOR *(Name)*:     **Plaintiff** | **FILED**<br>ALAMEDA COUNTY<br>OCT 29 2019<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy<br>Johana |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - CENTRAL |
|---|
| STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS: 1225 Fallon St.<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - CENTRAL |

| PLAINTIFF/PETITIONER:  Arlene Bandril | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Plastikon Industries | RG19038227 |

| PROOF OF SERVICE SUMMONS | Ref. No. or File No.:<br>Plastikon adv. Bandril |
|---|---|

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

**BY FAX**

2.    I served copies of:  *Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum ;*

3.    a.  Party served *(specify name of party as shown on documents served)*:
      *Plastikon Industries, a California corporation*

     b.  [ X ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        *Lani Vasquez  (Gender: Female Age: 60 Height: 5'5" Weight: 170 Race: Pacific Islander Hair: Brown and grey)*
        *Registered Agent*

4.    Address where the party was served: *688 Sandoval Way  Hayward, CA 94544*

5.    I served the party (check proper box)

     a.  [ X ]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **10/10/2019** (2) at: **11:26 AM**

     b.  [   ]  by substituted service. On: at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

         (1)  [   ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

         (2)  [   ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

         (3)  [   ]  (physical address unknown) a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

         (4)  [   ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
               on:       from:       or  [   ]  a declaration of mailing is attached.

         (5)  [   ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Invoice # 3049183-02 |
|---|---|---|

| PLAINTIFF/PETITIONER: Arlene Bandril<br>DEFENDANT/RESPONDENT: Plastikon Industries | CASE NUMBER:<br>RG19038227 |
| --- | --- |

5.   c.   ☐   by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on:                                        (2) from:

   (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   ☐   by other means *(specify means of service and authorizing code section):*

   ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   ☐   as an individual defendant.
   b.   ☐   as the person sued under the fictitious name of *(specify):*
   c.   ☐   as occupant.
   d.   ☒   On behalf of *(specify):* Plastikon Industries, a California corporation under the following Code of Civil Procedure section:

   ☒   416.10 (corporation)          ☐   415.95 (business organization, form unknown)
   ☐   416.20 (defunct corporation)  ☐   416.60 (minor)
   ☐   416.30 (joint stock company/association)   ☐   416.70 (ward or conservatee)
   ☐   416.40 (association or partnership)   ☐   416.90 (authorized person)
   ☐   416.50 (public entity)        ☐   415.46 (occupant)
                                     ☐   other:

7.   Person who served papers
   a.   Name: Joshua D. Mangrum
   b.   Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
   c.   Telephone number: 213-628-6338
   d.   The fee for service was: $94.50
   e.   I am:
      (1) ☐   not a registered California process server.
      (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒   a registered California process server:
         (I) ☐   owner   ☐   employee   ☒   independent contractor.
         (II) Registration No.: 1619
         (III) County: Alameda

8.   ☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

Joshua D. Mangrum                                Date: 10/16/2019

# EXHIBIT C

1   MOLLIE M. BURKS  (SBN 222112)
2   ANNA T. PHAM  (SBN 318001)
    GORDON REES SCULLY MANSUKHANI, LLP
3   275 Battery Street, Suite 2000
    San Francisco, CA 94111
    Telephone:  (415) 986-5900
4   Facsimile:  (415) 986-8054
    mburks@grsm.com
5   apham@grsm.com

6   Attorneys for Defendant
    PLASTIKON INDUSTRIES
7

ENDORSED
FILED
ALAMEDA COUNTY

NOV 0 8 2019

CLERK OF THE SUPERIOR COURT
By _____
JAIME THOMAS, Deputy

8                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF ALAMEDA

10  ARLENE BANDRIL, individually, and on      )   CASE NO.  RG19038227
    behalf of other members of the general public  )
11  similarly situated;                         )   **ANSWER TO COMPLAINT**
                                                )
12                          Plaintiff,          )
                                                )   Complaint Filed:  October 7, 2019
13          v.                                   )
                                                )
14  PLASTIKON INDUSTRIES, a California          )
    corporation; and DOES 1 through 100,        )
15  inclusive,                                   )
                                                )
16                          Defendants.         )

17          COMES NOW Defendant PLASTIKON INDUSTRIES ("Defendant"), by and through

18  its attorneys of record, and hereby answers the Complaint ("Complaint") of Plaintiff ARLENE

19  BANDRIL ("Plaintiff") as follows:

20                              GENERAL DENIAL

21          Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

22  Defendant denies generally and specifically each and every allegation contained in Plaintiff's

23  Complaint, and further specifically denies that Plaintiff was damaged in the sum alleged or in

24  any sum, or at all, by reason or any conduct on the part of Defendant, its officers, agents or

25  employees.

26                            AFFIRMATIVE DEFENSES

27          Defendant asserts the following affirmative defenses with respect to each cause of action

28  of Plaintiff's Complaint.  By alleging the defenses set forth below, Defendant does not thereby

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

agree or admit that it has the burden of proof, persuasion, or production with respect to any of elements of its defense or that Plaintiff has properly asserted any causes of action against Defendant.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint as a whole, and each and all causes of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Receipt of Rights and Benefits)

Plaintiff has received all rights, entitlements and benefits to which she was entitled under the law from Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Violation of California Labor Code)

Each of Plaintiff's causes of action and claims for damages is barred to the extent Plaintiff failed to use ordinary care and diligence, or exercise a reasonable degree of skill, in performing the terms and conditions of her employment, and failed to substantially comply with all directions concerning her employment, in violation of California Labor Code sections 2854, 2856, 2858, 2859 and 2865.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform Job Duties)

Each of Plaintiff's causes of action and claims for damages is barred to the extent Plaintiff failed to perform her job duties pursuant to the terms and conditions of her employment in conformity with either the usage of the place of performance or as directed by her supervisors, as required by California Labor Code section 2857.

## FIFTH AFFIRMATIVE DEFENSE

### (Frivolous Lawsuit)

This suit is frivolous, unreasonable and/or without foundation and, as a result, Defendant is entitled to recover costs and attorneys' fees from Plaintiff, and hereby seeks that recovery.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Outside Course and Scope)**

3

The actions allegedly taken by a third party, if any, were outside the course and scope of

4

any employment by Defendant.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

**(Waiver and Estoppel)**

7

Plaintiff's Complaint, and each cause of action therein, is barred by the doctrines of

8

waiver and estoppel.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10

**(Conduct of Others)**

11

Any injuries or damages alleged by Plaintiff were caused, in whole or in part, by the acts

12

or omissions of others, for whose conduct Defendant is not responsible.

13

**NINTH AFFIRMATIVE DEFENSE**

14

**(Speculative Damages)**

15

Plaintiff's losses, if any, are speculative, remote and/or uncertain and, therefore, not

16

compensable.

17

**TENTH AFFIRMATIVE DEFENSE**

18

**(Good Faith)**

19

Plaintiff is not entitled to any relief on any of her claims from Defendant because

20

Defendant's conduct was at all times reasonable, in good faith, based upon good cause, and

21

undertaken pursuant to the terms of applicable laws and regulations.

22

**ELEVENTH AFFIRMATIVE DEFENSE**

23

**(Plaintiff Not Entitled to Attorneys' Fees)**

24

Plaintiff's Complaint and each cause of action therein fails to state facts upon which

25

attorneys' fees can be awarded.

26

**TWELFTH AFFIRMATIVE DEFENSE**

27

**(Timely Receipt of Payments Owed)**

28

Plaintiff has been timely paid and/or received all sums and benefits due to her from

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-3-

Defendant by virtue of his employment and, therefore, Defendant is released from any and all continuing obligations to her.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Wage Law Conformity)

Defendant has complied in good faith with all wage and hour laws, and other applicable laws, and reasonable interpretations of the same, pertaining to the employment and compensation of Plaintiff, including, but not limited to failure to pay overtime wages, nonpayment of minimum wages, failure to provide rest breaks, failure to provide meal breaks, failure to pay wages upon termination, and any other wage and hour claim and/or violation of law alleged by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

Defendant alleges that Plaintiff is barred from recovery because allowing any recovery would result in Plaintiff's unjust enrichment.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Willful Failure to Pay Wages)

Plaintiff's claims are barred in whole or in part because Defendant did not willfully fail to pay wages or a good faith dispute exists as to any amounts that Plaintiff claims are owing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Right to Pre-Judgment Interest)

Plaintiff is not entitled to recover pre-judgment interest because her alleged damages are not certain or capable of being made certain by any calculation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

Defendant alleges that Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the Complaint presents no actual case or controversy, or justiciable issue suitable for determination by this Court.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Mootness)

Plaintiff's alleged claims and causes of action and those of the purposed class members, are moot in that Defendant, without admitting the validity or merit of any of Plaintiff's claims or causes of action, have discontinued or rectified the conduct complained of.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Not Willful)

Defendant alleges that the conduct and/or violation of law alleged against Defendant is not sufficient to be "willful."

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Injury)

Defendant alleges that any failure to provide an itemized wage statement did not cause any injury.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Reasonable Interpretation of Applicable Law)

Defendant alleges that it acted in good faith reliance upon the reasonable interpretation of applicable law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Remedies)

Defendant alleges that it is not liable for penalties or damages because Plaintiff failed to exhaust all applicable administrative remedies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Plaintiff Not Aggrieved)

Neither Plaintiff nor any individual she purports to represent is "aggrieved" as that term is defined in California Labor Code section 2698 et seq.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Plaintiff Not Adequate Representative)

Plaintiff is not an adequate representative of the interests of absent putative aggrieved

1  employees.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; California Business and Professions Code section 17208; and any other applicable statutes of limitation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Standing)

Defendant alleges that Plaintiff has no standing to bring some or all of the claims which are therefore barred.  Plaintiff also has no standing to serve as an adequate class representative.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

Defendant alleges that the claims of the named Plaintiff area not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Class Representative is Adverse to the Class)

Defendant alleges that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Claims Not Typical of Class)

Defendant alleges that the claims and interests of Plaintiff, and Defendant's defenses thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not a suitable class representative.   Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in California Code of Civil Procedure section 382.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Common Questions of Law or Fact)

Defendant alleges that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question.  In addition, the proof particular to each putative class member's claims and the defenses thereto will vary widely.  Therefore, Plaintiff cannot meet the prerequisites for a class action set forth in California Code of Civil Procedure section 382.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Not Practical)

Defendant alleges that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Not Proper)

Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Not Manageable)

As a separate and distinct affirmative defense, Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

As a separate and distinct affirmative defense, Defendant alleges that, as applied to this case, California Code of Civil Procedure section 382 fails to provide adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Defendant's right to

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

litigate affirmative defenses to the individual claims of Plaintiff and each member of the putative class and is therefore denies Defendant the protection of the Due Process Clause of the United States Constitution.

<div align="center">

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Facial Due Process)**

</div>

Defendant alleges that California Labor Code section 2699 fails to identify the manner in which penalties for violations of the California Labor Code accrue and thus, is facially ambiguous and violates due process notions pursuant to the United States Constitution.

<div align="center">

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Excessive Fines)**

</div>

Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

<div align="center">

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Jury Trial to any Particular Individual Plaintiff)**

</div>

As a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying this case as a class action would violate the United States Constitution and the California Constitution.

<div align="center">

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Acts or Omissions of Plaintiff)**

</div>

The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### FORTIETH AFFIRMATIVE DEFENSE

#### (Plaintiff at Fault for any Failure to Take Meal and/or Rest Periods)

Defendant alleges that it made Plaintiff aware of her right to and encouraged Plaintiff to take meal and/or rest periods, and did not require Plaintiff to work during meal and/or rest periods. Accordingly, Defendant is not liable to Plaintiff for any failure to take such meal and/or rest periods.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiff's claims of unfair or unlawful business practices pursuant to California Business & Professions Code section 17200. Accordingly, Defendant's business practices were not unfair or unlawful within the meaning of California Business & Professions Code section 17200.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Also, because the Complaint is couched in conclusory terms, Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing by way of her Complaint;

2.   That the Complaint be dismissed in its entirety with prejudice;

3.   For costs of suit incurred in defense of this action;

4.   For recovery of attorneys' fees expended in the defense of this action; and

5.   For such other and further relief as the Court deems just and proper.

///

1

## **DEMAND FOR JURY TRIAL**

2

Defendant hereby demands a trial by jury.

3

4       Dated:  November 8, 2019                    GORDON REES SCULLY MANSUKHANI, LLP

5

6

7                                                    By:  _____

8                                                         Mollie M. Burks
                                                          Anna T. Pham
9                                                         Attorneys for Defendant
                                                          PLASTIKON INDUSTRIES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-10-
ANSWER TO COMPLAINT

<div align="center">

PROOF OF SERVICE
*Arlene Bandril, et al. v. Plastikon Industries, et al.*
Alameda County Superior Court, Case No. RG19038227

</div>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the dated indicated below, I served the within documents:

**ANSWER TO COMPLAINT**

☐ **Via E-Mail**: By emailing the above-mentioned document(s) to the email addresses set forth below.

☐ **Via Facsimile**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ **Via Hand**: by instructing Nationwide Messengers to hand deliver the above-mentioned document(s) to the address set forth below.

☐ **Via Fed Ex**: by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees Scully Mansukhani, LLP described below, addressed as follows:

☒ **Via U.S. Mail**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

Douglas Han
Shunt Tatavos-Gharajeh
Philip Song
JUSTICE LAW CORPORATION
751 N. Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
818-230-7502 Fax: 818-230-7259
Email: dhan@justicelawcorp.com;
statavos@justicelawcorp.com;
psong@justicelawcorp.com
*Attorneys for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 8 , 2019 at San Francisco, California.



Matt Dalton

-11-

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*



**Superior Court of California**
*County of Alameda*

```
Superior Court of California, County of Alameda        Receipt Nbr: 738045
Hayward Hall of Justice                                Clerk: jthomas
24405 Amador Street                                    Date: 11/08/2019
Hayward, CA  94544
```

---

| Type | Case Number | Description | Amount |
|------|-------------|-------------|--------|
| Filing | RG19038227 | Initial Appearance | $435.00 |
| Filing | RG19038227 | Complex Fee - Adverse Party | $1000.00 |

```
        Total Amount Due:    $1,435.00
        Prior Payment:
        Current Payment:     $1,435.00
        Balance Due:             $.00
        Overage:
        Excess Fee:
        Change:

Payment Method:
        Cash:
        Check:               $1,435.00
```